```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JEFFREY SCOTT COLE,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:04-0829
                            (Criminal Action No. 1:02-0220)

UNITED STATES OF AMERICA,

    Defendant.

## **MEMORANDUM OPINION**

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on October 6, 2005, in which he recommended that the District Court deny plaintiff's application to proceed in forma pauperis, grant plaintiff's motion to supplement, deny his motion pursuant to § 2255 to vacate, set aside or correct his sentence, and remove this matter from the court's active docket.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).  On October 18, 2005, plaintiff timely filed objections to the Proposed Findings and Recommendation.

Cole is currently serving a seventy-one month sentence imposed by this court following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Cole objects that his sentence was improperly enhanced by four levels, pursuant to U.S.S.G. § 2K2.1(b)(5), based upon the court's finding that he possessed the firearm in connection with another felony, malicious wounding.  In his filings, plaintiff relies on the decisions in United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004); and Apprendi v. New Jersey, 530 U.S. 466 (2000).

To the extent that plaintiff objects to the magistrate judge's finding that the holdings in United States v. Booker, and Blakely v. Washington, do not apply retroactively, the court finds that argument has been settled by our court of appeals. In United States v. Morris, 429 F.3d 65, 69-72 (4th Cir. 2005), the Fourth Circuit held that the holdings in Blakely and Booker were not available for post-conviction relief for federal prisoners whose convictions became final before Blakely and Booker were decided. The Morris holding bars petitioner's claim because petitioner's conviction was final at the time Blakely was handed down in June 2004.  Accordingly, plaintiff's objection is OVERRULED.

As to plaintiff's argument that the Apprendi decision prohibits imposition of the enhancement at issue, that argument is equally without merit.  Apprendi is not implicated when the sentencing court makes factual findings that increase the

guideline range but the sentence does not exceed the statutory maximum.  Harris v. United States, 536 U.S. 545 (2002).  In this case, Cole's statutory maximum was ten years; he received a sentence well below the statutory maximum.  Furthermore, post-Apprendi, imposition of the enhancement at issue has been approved on numerous occasions.  See, e.g., United States v. Hardy, 2003 WL 21456847 (4th Cir. 2003).  Accordingly, his contention that his sentence runs afoul of Apprendi is misplaced and his objection thereto is OVERRULED.

For the foregoing reasons, the court accepts the Proposed Findings and Recommendation and overrules plaintiff's objections.  Consistent with the findings and recommendations, the court denies plaintiff's application to proceed in forma pauperis, grants plaintiff's motion to supplement, denies his motion pursuant to § 2255 to vacate, set aside or correct his sentence, and directs the Clerk to remove this matter from the court's active docket.  A judgment order to this effect will be filed this same day.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 16th day of June, 2006.

ENTER:

*David A. Faber*
David A. Faber
Chief Judge